## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**GIOVANNI IRIZARRY SIERRA,**

    *Plaintiff,*

    v.

**KILOLO KIJAKAZI,**
Acting Commissioner of Social Security,

    *Defendant.*

**CIVIL NO. 21-1114 (DRD)**

### OPINION AND ORDER

Pending before the Court is Defendant, Kilolo Kijakazi, Acting Commissioner, Social Security Administration's (hereinafter, the "Agency") *Motion to Dismiss*. See Docket No. 10. Plaintiff, Giovanni Irizarry Sierra filed a *Response in Opposition* thereto. See Docket No. 16. A *Reply* and *Surreply* ensued shortly thereafter. See Docket Nos. 20 and 25, respectively.

The *Complaint* stems from an alleged pattern of discrimination and retaliation against Irizarry-Sierra, an attorney advisor for the Security Service Administration Office of Hearing Operations in Ponce, which eventually lead to his termination. *See* Docket No. 1. However, the Defendant argues that Plaintiff's claims are untimely and should be dismissed. See Docket No. 10.

Upon review, and for the reasons stated herein, the Court hereby **GRANTS** the Defendant's *Motion to Dismiss*. See Docket No. 10.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2021, Plaintiff filed a *Complaint* against the Acting Commissioner of

Social Security Administration seeking redress for the discriminatory and retaliatory actions

that were allegedly taken against him by the Social Security Administration (hereinafter,

"SSA"), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e,

*et seq.*, the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981; for relief from retaliation

for engaging in Equal Employment Opportunity (hereinafter, "EEO") protected activity; the

Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. § 633(a), and the Civil

Service Reform Act of 1978 (hereinafter, "CSRA") as amended, 5 U.S.C. § 1101, *et seq.*,

5 U.S.C. 7703(b)(2). Plaintiff is essentially seeking reparations from his alleged unlawful and

discriminatory removal from Federal service. See Complaint, Docket No. 1, ¶ 1. According to

Irizarry-Sierra, "Defendant discriminated [him] on the basis of age, race (Black), gender,

retaliation for his prior EEO activity, for the filing of union grievances and for whistleblowing

activity, a prohibited personnel practice in the Federal service." Id., ¶ 2. He was also subject

to a "hostile work environment and suffered numerous adverse actions, culminating in his

removal from Federal service effective March 20, 2019." Id., ¶ 3.

As stated in the *Complaint*, Irizarry-Sierra is a Puerto Rican Afro-Caribbean male who

was employed by the SSA Office of Hearings Operations (hereinafter, "OHO") in Ponce,

Puerto Rico, as Attorney Advisor, GS-0905-12, otherwise known as "Decision Writer" from

September 14, 2008, until his termination from federal service effective March 20, 2019,

when he was 52 years old. Id., ¶¶ 14, 21. Specifically, being a Decision Writer entailed writing

decisions and opinions for all the Administrative Law Judges (hereinafter, "ALJs") in the office and from other offices. See id., ¶¶ 24, 25.

According to Plaintiff, his termination was due to retaliation for prior EEO activity and other protected conduct, including whistleblowing and the filing of grievances for violations to the Collective Bargaining Agreement. The first cause of action is pursuant to anti-discriminatory statutes, to wit, Title VII and the ADEA. Whereas the second cause of action is predicated on the Civil Service Reform Act.

Plaintiff claims that prior to filing the instant *Complaint*, he complied with all jurisdictional requirements, such as, exhaustion of administrative remedies, filing of an EEO complaint with the Agency (id., ¶ 7), receiving a Report of Investigation (id., ¶ 9), and a Final Agency Decision (hereinafter, "FAD"), issued on February 9, 2021 (id., ¶ 10), namely, 30 days prior to the filing of the complaint on March 11, 2021.

Notwithstanding, the Agency filed the instant *Motion to Dismiss*, essentially arguing that Plaintiff "failed to comply with the time limits established by statute to bring any such claims in federal district court," therefore, the *Complaint* must be dismissed. See Motion to Dismiss, Docket No. 10 at p. 3. The Agency's position is predicated on the following arguments:

> [f]irst, any claims of discrimination related to events that occurred prior to Plaintiff's termination are barred because Plaintiff failed to file an action in district court within 90 days of receiving the agency's final order on those claims. Specifically, Plaintiff received the agency's final order on June 17, 2020 but did not file this action until March 11, 2021, well beyond the 90-day deadline.

Second, Plaintiff's claims relating to his termination are similarly barred because Plaintiff failed to file an action in district court within 30 days of the [Merit Systems Protection Board] MSPB's final decision. Following the agency's final order, Plaintiff appealed his challenges to his removal (including his discrimination claims) to the MSPB, lost, and then chose not to appeal the MSPB's decision. Specifically, the MSPB's decision became final on December 4, 2020 but Plaintiff did not file this action until March 11, 2021, well beyond the 30-day deadline.

Id., p. 4. Although Plaintiff claims he timely filed the instant action based on the FAD issued by the Agency on February 9, 2021, the Agency argues that the FAD was issued in error "after Plaintiff's time to appeal the MSPB's decision had already expired and has since been rescinded." Id. Therefore, according to Defendant, Plaintiff's untimely claim is unsalvageable.

## II.   APPLICABLE LAW

### A.   *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir.2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' ") (*quoting* Twombly, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; See e.g. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

4

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly, 550 U.S. 544, and Iqbal, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. See Iqbal, 556 U.S. at 677–679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a Bivens claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint [,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir.2009) (quoting Iqbal, 556 U.S. at 678) (quoting Twombly, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id.

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." Sánchez v. Pereira–Castillo, 590 F.3d 31, 41 (1st Cir.2009). "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]' 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation."  Id. at 682 (*citing* Twombly, 550 U.S. at 567).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." Sepúlveda–Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir.2010) (*citing* Twombly, 550 U.S. at 556); Ocasio–Hernández, 640 F.3d at 12 (*citing* Iqbal, 556 U.S. at 679); See Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.") (internal quotation marks omitted); See Ocasio–Hernández, 640 F.3d at 12 (*citing* Twombly, 550 U.S. at 556, 127 S.Ct. 1955) ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." Sepúlveda–Villarini, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).  Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well.  Penalbert–Rosa v. Fortuño–Burset, 631 F.3d 592 (1st Cir.2011). "Specific information, even if not in the form of admissible

evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not."
Id. at 596; See Iqbal, 556 U.S. at 681 ("To be clear, we do not reject [ ] bald allegations on the ground that they are unrealistic or nonsensical.... It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); See Mendez Internet Mgmt. Servs. v. Banco Santander de P.R., 621 F.3d 10, 14 (1st Cir.2010) (the Twombly and Iqbal standards require District Courts to "screen[] out rhetoric masquerading as litigation.").  However, merely parroting the elements of a cause of action is insufficient.  Ocasio–Hernández, 640 F.3d at 12 (*citing* Sánchez v. Pereira–Castillo, 590 F.3d 31, 49 (1st Cir.2009)).

## II.        LEGAL ANALYSIS

Plaintiff's *Complaint* seems to stem from actions that occurred prior and after his termination. However, prior to delving into the merits of Plaintiff's claims, the Court must first decide whether the administrative records submitted along with the Agency's *Motion to Dismiss* warrant a probable conversion to a motion for summary judgment.

Generally, there are instances in which motions to dismiss include documents that were not filed with the *Complaint.* However, when courts are called upon to assess a 12(b)(6) motion to dismiss, or a 12(c) motion for judgment on the pleadings, matters outside the pleadings may not be considered unless the motion is treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Should a 12(b)(6) motion, or a 12(c) motion be converted into a motion for summary judgment, the "parties must be given a reasonable opportunity to present all the material that is pertinent to the [newly converted motion]." Id. In fact,

"[a]lthough we do not 'mechanically enforce the requirements of express notice of a district court's intention to convert a Rule 12(b)(6) motion into a motion for summary judgment,' we do guard against allowing such a conversion where it would come as a 'surprise' or be 'unfair' to the party against whom judgment is rendered." Clorox Co. Puerto Rico v. Proctor Gamble Commercial Co., 228 F.3d 24, 31 (1st Cir. 2000) (*citing* Chaparro-Febus v. International Longshoremen Ass'n, Local 1575, 983 F.2d 325, 332 (1st Cir. 1992).

However, the First Circuit has been quite thorough in delineating between which matters are part of the pleadings and which are not, namely:

> [I]n reviewing a 12(b)(6) [motion], it is well-established that in reviewing the complaint, we "**may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment**." Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir.1996) (citing Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir.1993) (explaining that the main problem of looking to documents outside the complaint—lack of notice to plaintiff—is dissipated "[w]here plaintiff has actual notice .... and has relied upon these documents in framing the complaint")). "Were the rule otherwise, a plaintiff could maintain a claim .... by excising an isolated statement from a document and importing it into the complaint...." Id.; see also Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir.1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations"). (Emphasis ours).

Among the documents that may be considered as part of a motion to dismiss for failure to state a claim, by exception, are "documents the authenticity of which are not disputed by the parties, official public records, documents central to plaintiff's claim, or documents sufficiently referred to in the complaint." Blue Ocean Int'l Bank LLC v. Golden

Eagle Cap. Advisors, Inc., 408 F. Supp. 3d 57, 61 n. 2 (D.P.R. 2019) (*citing* Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

Here, all or most of the above-mentioned elements are present. The exhibits submitted by the Agency are documents relied upon or incorporated by reference in the *Complaint*, as well as contained in Plaintiff's official record with the Agency. In fact, the allegations in the *Complaint* necessarily rely on them, and are essential in determining whether the pleading is timely. Plaintiff, moreover, introduced documents himself, to bolster his argument against Defendant's motion to dismiss. Therefore, the Court will rely on said documents in making its ruling as to this issue. With the procedural hurdle out of the way, the Court is to analyze the Agency's motion to dismiss and the allegations therein. However, as the statute of limitations for filing claims in each of these scenarios varies, the Court will discuss each instance *in seriatim*.

### 1. All Non-Termination Discriminatory Claims are Time Barred

The Complaint raises several allegations as to retaliation and discrimination related to events that occurred prior to Plaintiff's termination. *See Complaint*, ¶¶ 27-29, 48-50, 56, 59-62. However, all these claims are time barred. The Court explains.

Generally, "[a] Title VII suit may extend as far as, but not beyond, the parameters of the underlying administrative charge. This does not mean that the scope of the suit is inevitably limited to the allegations in the administrative complaint, but it is nonetheless constrained by those allegations in the sense that the judicial complaint must bear some close relation to the allegations presented to the agency." Jorge v. Rumsfeld, 404 F.3d 556, 565

(1st Cir. 2005) (internal citations omitted). Therefore, "[i]n order to serve the purposes of the administrative exhaustion requirement—prompt notice to the agency and an opportunity for early resolution,—'the factual statement in [the] written charge should have alerted the agency to [the] alternative basis of discrimination' that the plaintiff raises for the first time in court." Velazquez-Ortiz v. Vilsack, 657 F.3d 64, 71 (1ˢᵗ Cir. 2011) (internal citations omitted).

As previously mentioned, Irizarry-Sierra did not file administrative complaints as to retaliation and discrimination incidents which allegedly occurred prior to his termination. Claim 1 alleges discrimination regarding a poor performance evaluation he received back in 2018. Claim 2 includes allegations that Plaintiff was subject to harassment, discrimination and retaliation based on his gender, age, race and prior EEO activity between 2017 until his removal. Failure to exhaust administrative remedies regarding his non-termination discriminatory claims is fatal to his attempt to raise them in the District Court.

In the alternative, Plaintiff also failed to file a civil action within the 90 days of the issuance of the Agency's Final Order dismissing such claims. Irizarry-Sierra was informed of his right to appeal the Agency's final decision before the EEOC's OFO within 30 days of receiving the final decision or filing a civil action within 90 days of receiving the final agency action.

But ultimately, in the *Opposition*, Plaintiff specifically argues that "the instant complaint [] deals exclusively with plaintiff's termination from employment and removal from federal service in violation of anti-discrimination statutes and the CSRA." Docket No. 16

at 2, ¶ 4. Therefore, the Court need not go further and will only focus on the claims regarding Plaintiff's termination.

### 2. *Formal Complaint filed by Irizarry-Sierra dated July 25, 2019, and Dismissal of Claim 1*

As a result of his termination, Irizarry-Sierra contacted an EEO counselor for the first time on April 19, 2019, and subsequently filed a *Formal Equal Employment Opportunity (EEO) Complaint of Discrimination* before the Agency's EEO office on July 15, 2019, case number NY-19-0663-SSA. See Docket No. 10, Exhibit 1. One of the claims was dismissed, namely: "[w]hether the Agency subjected Complainant to disparate treatment based on sex (male), age (over 40), race (Black/African American), and reprisal/retaliation, when, in December, 2018, Complainant received a poor PACS evaluation" (hereinafter, "Claim 1"). Docket No. 10, Exhibit 2 at 1. The basis for the dismissal was untimeliness, as Plaintiff "failed to timely make contact with an EEO Counselor within 45 days of the alleged incident," as the alleged incident occurred in December 2018 but he did not make an initial contact with the EEO office until April 19, 2019, well past the 45-day deadline. Id. at p. 3. He was advised that his "appeal rights will be preserved until the entire complaint is ready for appeal to the EEOC." Id.

### 3. *Agency's Investigation of Claims 2 and 3*

Two (2) claims were accepted for further evaluation but bifurcated into two (2) separate case numbers "since the Complainant raised an allegation that is appealable to the Merit Systems Protection Board (MSPB) rather than the Equal Employment Opportunity Commission [], as well as matters that are appealable separately to the EEOC." Id. at p. 1-2. The accepted claims were identified with different case numbers as listed below.

NY-19-0663-SSA (EEOC Case): [w]hether the Agency subjected Complainant to non-sexual harassment based on sex (male), age (over 40), race (Black/African American), and reprisal/retaliation (prior EEO), from 2017 until his termination date on March 20, 2019, in terms of assignment of duties, duty hours, performance evaluation, and his employment termination. [hereinafter, "Claim 2"].

Mixed Case (MSPB Mixed Case NY-19-1065-SSA): "[w]hether the Agency subjected Complainant to disparate treatment based on sex (male), age (over 40), race (Black/African American), and reprisal/retaliation, when, on March 20, 2019, Complainant was terminated from his position with the agency, [hereinafter, "Claim 3"].

*Id.* at p. 3. An investigation took place which resulted in the EEOC issuing a report of investigation that was produced to Plaintiff. As a result thereof, Plaintiff requested a hearing before a EEOC administrative judge (hereinafter, "EEOC AJ") regarding the two (2) surviving claims. See Docket No. 10, Exhibit 3 at 6.

Notwithstanding, on June 4, 2020, an *Order on Agency's Motion to Dismiss, Order Entering Judgment and Notice to the Parties* (Docket No. 10, Exhibit No. 4) was entered dismissing both surviving claims as requested by the Agency. See id.

### 4. Dismissal of Claim 2

Claim 2 was dismissed as Plaintiff had chosen to raise his non-termination harassment claims in the grievance process, therefore, the EEOC is devoid of jurisdiction. In turn, Claim 3 was dismissed by the EEOC AJ, "because it is a mixed case complaint over which there is no right to a hearing before the EEOC." See id. at p. 2. The claim was accordingly remanded to the Agency for a FAD pursuant to 29 C.F.R. § 1614.302(d). See id.

Then, on June 17, 2020, the Agency issued a *Final Order* as to Claim 2, adopting "the EEOC AJ's decision without modification." Docket No. 10, Exhibit No. 5 at p. 1. Said order

included a notice of appeal rights wherein Plaintiff was informed of his right to appeal the

SSA's decision before the EEOC's Office of Federal Operations (hereinafter, "OFO") within

thirty (30) days of receiving the Final Order along with the documents that must be included.

See id. at p. 2. Irizarry was informed of his right to file a civil action as follows:

> You also have the right to file a civil action in an appropriate U.S. District Court:
>
> - Within 90 days of receiving this final order if no appeal is filed with EEOC, or
> - Within 90 days after receiving EEOC's final decision on an appeal, or
> - If more than 180 days have passed since an appeal was filed with EEOC and no final decision has been made.

Id. at p. 4. Plaintiff was also forewarned that "the civil action must be filed within ninety (90)

calendar days of the date you receive the final order or final decision from SA or the EEOC's

final decision. Filing a request for an attorney does not extend [the] time in which to file a

civil action." Id. However, the EEOC did not issue a FAD as to Claim 3 at that time.

As previously mentioned, Plaintiff had been advised early on that his appeal rights

with respect to Claim 1 were preserved until final action as to the remaining claims in Claim

No. NY-19-0663-SSA. See Docket No. 10, Exhibit 2 at p. 4. Plaintiff did not file an appeal with

the EEOC within the 30 days of the Agency's *Final Order* or a civil action within 90 days of the

Final Order as to Claim 2. As with Claim 2, Plaintiff failed to file an appeal with the EEOC within

30 days of the Agency's Final Order or a civil action within 90 days of the Final Order as to

Claim 1. Instead, Irizarry-Sierra filed the instant civil action on March 11, 2021, namely, 267

days after being notified of the Agency's *Final Order* for NY-19-0663-SSA. The First Circuit has

cautioned that "[i]n the absence of a recognized equitable consideration, the court cannot

extend the limitations period by even one day." <u>Rice v. New England Coll.</u>, 676 F.2d 9, 11 (1st Cir. 1982). Therefore, the filing is untimely, and a dismissal is warranted.

### 5. *Dismissal of Claim 3 and Subsequent Appeal before the MSPB*

As previously discussed, Claim 3 was dismissed by the EEOC AJ, "because it is a mixed case complaint over which there is no right to a hearing before the EEOC." <u>See</u> Docket No. 10, Exhibit No. 4 at p. 2. The claim was accordingly remanded to the Agency for a FAD pursuant to 29 C.F.R. § 1614.302(d). <u>See id.</u> Although a FAD was accordingly issued as to Claim 2, the EEOC did not issue a FAD as to Claim 3 at that time.

Following the *Final Order* issued by the Agency, on July 20, 2020, Plaintiff initiated an appeal before the MSPB as to the mixed case complaint, namely, Claim 3. <u>See</u> Docket No. 10, Exhibit No. 6. Generally, "[i]f the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the [MSPB] at any time after the expiration of 120 calendar days." 5 C.F.R. § 1201.154(b)(2). Therefore, although the Agency had not issued a FAD as to Claim 3, Plaintiff had the right to appeal his challenge to Claim 3 before the MSPB at that given time.

By October 30, 2020, the MSPB's AJ issued an initial ruling in favor of the Agency. <u>See</u> Docket No. 10, Exhibit 7. Essentially, the MSPB found that "the agency's evidence satisfied its evidentiary burden" supporting the Agency's performance-based decision to remove Plaintiff. <u>Id.</u> at p. 12. The MSPB also found that Plaintiff "failed to articulate a *prima facie* claim of discrimination," a "*prima facie* whistleblower burden" and a "harmful procedural error." <u>Id.</u> at pp. 12-14.

The ruling included a notice to appellant wherein he was informed that <u>the initial decision would become final on December 4, 2020</u>, "unless a petition for review is filed by that date." <u>Id.</u> at p. 19. Plaintiff was also advised that "an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court <u>within 60 calendar days</u> of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A)." <u>Id.</u> (Emphasis ours). In instances regarding mixed cases, "judicial review of [the] decision [may be obtained] by filing a civil action with the appropriate U.S. district court (not the U.S. Court of Appeals for the First Circuit), <u>within 30 calendar days after this decision becomes final</u> under the rules set out in the Notice to Appellant section above. 5 U.S.C. § 7703(b)(2); <u>see</u> <u>Perry v. Merit Systems Protection Board</u>, 582 U.S. _____ , 137 S. Ct. 1975 (2017)." <u>Id.</u> at p. 20. (Emphasis ours). Plaintiff was also informed that he was entitled to seek review pursuant to the Whistleblower Protection Enhancement Act of 2012 by filing a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B)." <u>Id.</u> at p. 21. As Plaintiff failed to seek review of the MSPB's Initial Decision, the Initial Decision became final on December 4, 2020.

Finally, on February 9, 2021, the SSA's Office of Civil Rights and Equal Opportunity (hereinafter, "OCREO") issued a FAD deciding Claim 3. Essentially, the OCREO found that "SSA did not discriminate against [Plaintiff] based on sex, race, age, or reprisal, as alleged." Docket

No. 10, Exhibit No. 8 at p. 12. Plaintiff was therefore advised of his appeal rights, which included filing an appeal before the MSPB within 30 days of the receipt of the FAD or, in the alternative, filing "a civil action in an appropriate U.S. District Court: <u>within 30 calendar days of receiving the final MSPB decision</u>; or if more than 120 calendar days have passed since filing an appeal with the MSPB and no final decision has been made." <u>Id.</u> at p. 13. (Emphasis ours). Thereafter, on May 5, 2021, the SSA's OCREO sent a letter rescinding its February 9, 2021 FAD as it was "sent in error and should be disregarded." Docket No. 10, Exhibit 9 at p. 1. According to OCREO, the FAD was issued in error since OCREO was "not notified of [Plaintiff's] appeal to the MSPB and the decisions issued by the MSPB until May 4, 2021." <u>Id.</u>

Generally, "[w]hen a case involves both a personnel action normally appealable to the MSPB and discrimination claims, it is considered to be a 'mixed case' and is governed by a comprehensive statutory and regulatory scheme." <u>Bailey v. U.S. Postal Serv.</u>, 230 F.3d 1357 (6th Cir. 2000). Particularly, a mixed case complaint is defined as,

> . . . a complaint of employment discrimination filed with a federal **agency** based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB). The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address.

29 C.F.R. § 1614.302(a)(1). Accordingly, "[a]n aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 C.F.R. 1201.151, <u>but not both</u>." 29 C.F.R. § 1614.302(b). "Generally, whichever is filed first is considered to be an election to proceed in that forum." <u>Bailey v. Henderson</u>, 230 F.3d 1357 (6th Cir. 2000). In the event the employee chooses to file a mixed

case complaint before the Agency's EEO office, and the Agency decides to dismiss the employee's claims, "the agency shall advise the complainant of the right to appeal the matter to the MSPB (not EEOC) within 30 days of receipt and of the right to file a civil action as provided at § 1614.310(a)." 29 C.F.R. § 1614.302(d)(3). If the Agency has not issued a final decision on a mixed case within 120 days of filing, the employee may appeal before the MSPB, thereafter, at any time.

In turn, if the employee chooses to appeal the matter before the MSPB[1], the action becomes a MSPB appeal and is subject to other time limits for judicial review. Upon the conclusion of the proceedings which include discovery and hearing, the MSPB AJ issues an initial decision. See 5 C.F.R. § 1201.111. The employee is notified of the initial decision and is forewarned that within 35 days, the initial decision will become final and judicially reviewable unless the employee files further review by the MSPB. See 5 C.F.R. § 1201.113. In fact, "[i]f the MSPB upholds the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice: [H]e may request additional administrative process, this time with the EEOC, or else []he may seek judicial review." Kloeckner v. Solis, 568 U.S. 41, 45, 133 S. Ct. 596, 601, 184 L. Ed. 2d 433 (2012). However, the employee must file a civil action "[w]ithin 30 days of receipt of notice of the final decision or action taken by the MSPB if the individual does not file a petition for consideration with the EEOC." 29 C.F.R.

---

[1] An appeal before the MSPB can follow a decision by an Agency's EEO office or upon the expiration of 120 days without an EEO decision after filing a complaint.

§ 1614.310(b). Failure to comply with these requirements and time limitations makes the complaint before the district court subject to dismissal.

As previously explained, Plaintiff filed his mixed case complaint before the SSA's EEO office on July 15, 2019. Upon the expiration of the 120 days without an issuance of a FAD, Plaintiff was entitled to file an appeal before the MSPB at any time, which he did on July 23, 2020. By filing an appeal before the MSPB, Irizarry-Sierra chose the forum in which his claims would be pursued. By October 30, 2020, the MSPB AJ issued an initial decision in the Agency's favor which forewarned Plaintiff would become final by December 4, 2020. Although Plaintiff argues that the statute of limitations to file a civil action began to accrue upon the Agency's FAD dated February 9, 2021 (Docket No. 10, Exhibit 9), the fact is that he decided to pursue his appeal before the MSPB.  By doing so, he made his "election to proceed in that forum." Bailey v. Henderson, 2000 WL 1434634 at *4. In fact, "[o]nce plaintiff proceeded with the MSPB appeal, choosing not to prosecute the agency complaint, and a decision was reached by the MSPB, the required election was made, and the agency complaint should have been dismissed for that reason." Id.

Therefore, once the MSPB's initial decision became final, Plaintiff had 30 days to pursue a civil action before the district court, that is, by January 4, 2021. In any event, the Agency issued its final decision in error 36 days after the expiration of the 30-day time limit to seek review of the MSPB order. As Plaintiff failed to comply with the applicable deadlines, and instead filed the civil action 66 days after the expiration of the 30-day deadline, the filing is untimely, and a dismissal is warranted.

### a) Equitable Tolling Not Applicable

The Civil Service Reform Act (hereinafter, "CSRA") provides a 30-day limit "after the date the individual filing the case received notice of the judicially reviewable action" to seek formal review. 5 U.S.C. § 7703(b)(2). However, said time limit is subject to equitable tolling in "appropriate cases."). Nunnally v. MacCausland, 996 F.2d 1, 5, fn. 7 (1st Cir. 1993). "Still, equitable considerations against the government, vis a vis a private party, require an affirmative conduct by defendant in that it misrepresented or misled plaintiff, not simply mere negligence." Toussaint v. Dep't of Veterans Affs., 2013 WL 1010787, *17 (D.P.R. Mar. 13, 2013), aff'd (Sept. 18, 2014).

As previously discussed, once the MSPB issued its initial decision, Plaintiff was notified of his rights and the date in which said decision would become final, namely, December 4, 2020. Upon that date, Plaintiff had until January 4, 2021, to seek further review of the MSPB. However, Plaintiff failed to do so. As the Agency's FAD was issued 36 days after the expiration of the 30-day limit informed by the MSPB, namely, February 9, 2021, the Court agrees with the Agency as to the fact that Plaintiff "could not have been misled [] into foregoing his right to commence timely litigation following the MSPB's decision." Docket No. 10 at pp. 22-23.

### 6.   Claims under the Whistleblower Protection Act

Plaintiff raised some reprisal whistleblower allegations pursuant to the Whistleblower Protection Act, 5 U.S.C. §§ 2302(b)(8)-(9) (hereinafter, "WPA") regarding events prior, and related to his termination. See Complaint, ¶¶ 29-30, 68-77 and 80. However, all whistleblower reprisal allegations related to Plaintiff's removal which included discrimination

allegations are also time barred for failure to timely seek review of the MSPB's final decision on the mixed case complaint. As to all non-mixed case determinations made by the MSPB, Plaintiff was entitled to seek review before the United States Court of Appeals for the Federal Circuit within 60 days of the "notice of the final order or decision of the [MSRB]." 5 U.S.C. § 7703(b)(1). "[J]udicial review in federal district court is available only with respect to a WPA claim that is brought as a 'mixed' claim—one that alleges the basis for the adverse personnel action was retaliation for whistleblowing activities and discrimination. Otherwise, jurisdiction over all other WPA appeals lies with the U.S. Court of Appeals for the Federal Circuit." Silveria v. Wilkie, No. 18-CV-07327-EMC, 2020 WL 820377, at *7 (N.D. Cal. Feb. 19, 2020)(internal citations omitted). Additionally, all reprisal whistleblower allegations unrelated to Irizarry-Sierra's removal must be properly raised before the Office of Special Counsel ("OSC") before appealing before the MSPB. As Plaintiff failed to allege that he brought an administrative claim regarding his whistleblower allegations before the relevant administrative entities, Irizarry-Sierra failed to exhaust administrative remedies regarding thereto.

Consequently, as Plaintiff failed to allege, he exhausted administrative remedies as to his whistleblower reprisal claims unrelated to his removal and did not file an appeal before the U.S. Court of Appeals for the Federal Circuit as to his whistleblower reprisal claims related to his removal, they are all untimely and must be dismissed.

### IV.    CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** the Defendant's *Motion to Dismiss* (Docket No. 10). Judgment of **DISMISSAL WITH PREJUDICE** is to be entered, accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of March, 2022.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge